# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:07CV88

| | | |
|---|---|---|
| **SENN BROS., INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **DEFAULT JUDGMENT** |
| **FOOTHILLS MEAT & PRODUCE, INC.,** | ) | |
| **RANDY McKINNEY, and** | ) | |
| **BENJAMIN DAVID ADAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Entry of Default entered by the Clerk (Document #21), the Motion of the Plaintiff for Default Judgment (Document #22), and all memoranda and affidavits in support (Documents ##23-27). This matter is now ripe for disposition.

For the reasons stated herein, this Court will order Default Judgment for the Plaintiff.


## BACKGROUND

On August 10, 2007, the Plaintiff brought suit against the Defendants for payment on produce delivered. Documents ##1, 9 (Amended Complaint). The Plaintiff secured service upon each Defendant. <u>See</u> Documents ##11, 16, 17. The Defendants failed to answer or otherwise respond to this action within the time allowed. On February 22, 2008, the Plaintiff moved the Clerk of the Court for an entry of Default. The Clerk made an Entry of Default on February 26, 2008. The Plaintiff now moves this Court for a Default Judgement against the Defendants. Documents ##23-27. The Plaintiff seeks recovery of payment owed in the amount of $35,942.99,

prejudgment interest in the amount of $5,912.85, and attorneys fees in the amount of $5,487.26. Id. In total, the Plaintiffs seeks a total judgment of $47,343.10 against the Defendants, jointly and severally.

## DISCUSSION

### A. Default Judgment

The Federal Rules of Civil Procedure provide that, after an entry of default, a party may move the Court to enter a Default Judgment. Fed. R. Civ. P. 55(b)(2). The Defendants, by their default, admit to the well-pleaded factual allegations of the Plaintiff. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citations and quotations omitted). The Defendants, however, are not held to admit conclusions of law. Id. Therefore, the Court will review and examine the grounds upon which the Plaintiff seeks relief.

### B. Liability of the Defendants

The Plaintiff is a federally licensed produce dealer in South Carolina. Am. Compl. ¶ 1. Defendant Foothills Meat & Produce, Inc. ("Foothills") is a North Carolina corporation, and a federally licensed produce dealer. Id. at ¶ 4. Defendants Randy McKinney ("McKinney") and David Adams ("Adams") are the officers and directors of Foothills, and they controlled the day-to-day operations of the corporation. Id. Plaintiff alleges that, between March and June 2007, the Defendants purchased produce from it and failed to pay. Id. at ¶ 6. In support of this allegation, the Plaintiff has provided the Court with invoices from that period that reflect total sales of $35,942.99. Document #23-3.

Plaintiff asserts, <u>inter alia</u>, claims for enforcement of the Perishable Agricultural Commodities Act ("PACA") against the Defendants. <u>See</u> 7 U.S.C. §§ 499a-499q. PACA governs the sale of produce in interstate commerce. Under PACA, the sale of perishable agricultural commodities (like produce) requires the buyer to hold the commodities or any proceeds derived from them in a trust for the benefit of unpaid sellers. 7 U.S.C. § 499e(2). So long as an unpaid seller notifies the buyer that it intends to preserve its claim to the trust, the unpaid party may then seek compensation from the trust. <u>See</u> 7 U.S.C. § 499e(3) and (4). Plaintiff so notified the Defendants here. <u>See</u> 7 U.S.C. § 499e(4) (stating that a licensee may preserve the benefits of the trust by including certain language on billing/invoice statements); Am. Compl. Exh. 1 (invoice of Plaintiff that includes the statutory language from § 499e(4)).

The relevant statute provides that "it shall be unlawful ... to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; ... or to fail to maintain the trust as required." 7 U.S.C. § 499b. Taking the factual allegations of the Plaintiff as true, Defendant Foothills failed to make payment for the produce that Plaintiff delivered between Marcy 22, 2007 and June 22, 2007. Am. Compl. ¶¶ 6-7, 10-15. Therefore, Defendant Foothills is liable to the Plaintiff under the terms of PACA.

In addition to bringing a claim against the buying party, usually a corporation (in this case, Defendant Foothills), the Plaintiff also brings claim against two of the corporate officers in their individual capacity. By virtue of establishing a trust, PACA also imposes liability on individuals for a breach of fiduciary duty if (1) they are in a position to control trust assets, and (2) they breach their fiduciary duty to preserve those assets. <u>Atlantic Coast Produce, Inc. v. McDonald</u>

3

Farms, Inc., 2005 U.S. Dist. Lexis 14993, *13 (W.D. Va. 2005) (citing Golman-Hayden Co. v. Fresh Source Produce, Inc., 217 F.3d 348, 351 (5th Cir. 2000)); see also Coosemans Specialities, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007); Sunkist Growers v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997).  Here, taking the factual allegations of the Plaintiff as true, Defendants McKinney and Adams were in positions of control over the PACA trust assets as officers and directors of Foothills.  Am. Compl. ¶¶ 4(b), 10-11, 16-17, 21-22.  The failure of Defendants McKinney and Adams to preserve the trust so that payment is freely available to the Plaintiff constitutes a breach of their fiduciary duties.  Am Compl. ¶¶ 18-20, 23-25; Coosemans Specialties, Inc., 485 F.3d at 705-706 (citing 7 C.F.R. § 46.46(a)(2) and (d)(1)); Reds Market v. Cape Canaveral Cruise Line, Inc., 181 F. Supp. 2d 1339, 1344 (M.D. Fla. 2002) (finding individual liability for any failure to account for trust funds); Morris Okun, Inc. V. Harry Zimmerman, Inc., 814 F. Supp. 346, 348 (S.D.N.Y. 1993) (finding individual liability for any use of trust funds other than repayment of the supplier); Custom Pak, Inc. v. Stancil, 2008 U.S. Dist. Lexis 9891, *2 (E.D.N.C. 2008).

Therefore, taking the facts alleged by the Plaintiff in its Amended Complaint as true, the Plaintiff has properly brought a claim under PACA against Defendant Foothills for failure to pay for produce delivered, and against Defendants McKinney and Adams for breach of their fiduciary duties as trustees.


## C. Damages

### 1. Unpaid Invoices

The Plaintiff has provided the Court with invoices for produce delivered to the Defendants from March 22, 2007 through June 22, 2007.  Document #23-2.  The invoices show that the

Plaintiff delivered a total of $35,942.99 worth of produce to Defendant Foothills. Id. The Plaintiff alleges, and the Court accepts as true, that Defendant Foothills never paid these invoices. Am. Compl. ¶¶ 6-7, 10-11.

Since the parties are federally licensed produce dealers engaging in interstate commerce, the transaction between the Plaintiff and Defendant Foothills is governed by PACA. Consequently, PACA requires Defendant Foothills to create and maintain a trust composed of the commodities delivered and any proceeds derived from them. 7 U.S.C. § 499e(c)(2). Having not paid the Plaintiff for these deliveries, Defendant Foothills violated the terms of PACA. See 7 U.S.C. § 499b(4). Plaintiff properly put Defendant Foothills on notice of its intention to preserve the trust, and thus the Plaintiff may now seek payment from the trust of the Defendant in the aggregate total of the unpaid invoices.

### 2. Interest

PACA does not create a statutory right for unpaid parties to collect prejudgment interest. However, several court have interpreted the statutory language addressing compensation under PACA to allow the award of interest so long as those terms were included in the contract between the parties. See 7 U.S.C. § 499e(c)(2) (providing for "full payment of the sums owing in connection with such transactions"); Middle Mountain Land Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1226 (9th Cir. 2002); Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 631 (11th Cir. 2004); Atlantic Coast Produce, Inc., 2005 U.S. Dist. Lexis at *18. In this case, the Plaintiff included both the prospect of prejudgment interest and the rate at which interest

would be calculated within the terms of its invoices.[1]  Applying either North Carolina or South

Carolina contract law to the transactions here, the Court finds that the terms included on the

invoices became binding upon the parties.  See Frances Hosiery Mills, Inc. v. Burlington Indust.,

Inc., 285 N.C. 344, 356, 204 S.E.2d 834, 842 (1974); Weisz Graphics v. Peck Indus., 304 S.C.

101, 107, 403 S.E.2d 146, 149 (S.C. Ct. App. 1991); Custom Pak, Inc. v. Stancil, 2008 U.S.

Dist. Lexis 9891, *2 (E.D.N.C. 2008).[2]  Therefore, the Court will award prejudgment interest, in

accord with the terms of the contract between the parties, to the Plaintiff in the amount of

$5,912.85.


### 3. Attorney's Fees

PACA does not create a statutory right to attorney's fees.  However, like interest, several

courts have interpreted the statutory language of PACA to permit the award of attorney's fees so

long as those terms were included in the contract between the parties.  See 7 U.S.C. § 499e(c)(2);

---

[1]The terms at the bottom of each invoice of the Plaintiff read as follows:

SUBJECT TO FINANCE CHARGES IF PAYMENT NOT RECEIVED ACCORDING
TO TERMS.  **TERMS:** Buyer agrees to pay Senn Brothers, Inc. the "Balance Due"
shown on each statement.  If not paid in full, a FINANCE CHARGE will be computed by
applying the monthly PERIODIC RATE OF 2.0% (ANNUAL PERCENTAGE RATE
24%) to the "Balance Due" on all amounts unpaid for over 30 days after invoiced.  I/WE
agree to these terms and to pay all costs of collection, including such reasonable
attorney's fees and all court costs ...

Document #23-3 at 2.

[2]North Carolina law and South Carolina law both adopt the same general provision of the
Uniform Commercial Code governing the inclusion of additional terms in a contract between
merchants.  N.C. Gen. Stat. § 25-2-207(2); S.C. Code Ann. § 36-2-207(2).  Plaintiff and
Defendant Foothills are merchants.  Furthermore, the Court finds that upon the facts alleged, none
of the exceptions proscribing the inclusion of these contract terms apply here.

Coosemans Specialities, Inc., 485 F.3d at 709 (2d Cir.); Middle Mountain Land Produce Inc., 307

F.3d at 1225 (9th Cir.); Country Best, 361 F.3d at 632 (11th Cir.); Atlantic Coast Produce, Inc.,

2005 U.S. Dist. Lexis at *18. Here, the Plaintiff did include the award of attorney's fees in the

terms of its invoices. See Footnote 1, supra. Since these terms are also part of the contract

between the parties, the Court finds that it is appropriate to award such fees to the Plaintiff. See

Footnote 2, supra. The Plaintiff submitted affidavits in support of its claims for attorney's fees.

See Documents ## 25-27. Finding the fees claimed to be reasonable, the Court hereby awards

attorney's fees to the Plaintiff in the amount of $5,912.85.


**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the

Defendants, and each of them, jointly and severally, are liable to the Plaintiff by default for a sum

in the total amount of $47,343.10.[3] The costs of this action will be taxed against the Defendants

by the Clerk.


Signed: June 23, 2008

_Richard L. Voorhees_
Richard L. Voorhees
United States District Judge

---

[3]The total liability of Defendants of $47,343.10 is comprised of a) an invoice total of
$35,942.99, b) prejudgment interest of $5,912.85, and c) attorney's fees of $5,487.26.

7